# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAVANZ CROSBY, *et. al.*, | Case No. 2:24-cv-00880-RFB-EJY |
| Plaintiffs, | ORDER |
| v. | |
| CITY OF NORTH LAS VEGAS, *et al.*, | |
| Defendants. | |

Before the Court is Defendants' motion to dismiss. ECF No. 24. For the following reasons, the Court grants the motion to dismiss and dismisses the complaint with prejudice.

**I.  PROCEDURAL HISTORY**

On May 10, 2024, Plaintiffs, Lavanz Crosby, and Andreanal Hall, brought this suit against the City of North Las Vegas, Clark County, Mike Carmody, Delgado Lopez, Michael Morrison, Jensia Mangual, Thanh Lee, and Does I-V (collectively "Defendants"). Plaintiffs' complaint alleges several causes of action, including a 42 U.S.C. § 1983 claim against Defendants Carmody, Lopez, Morrison, Mangual, and Lee for a Fourth Amendment violation, a claim against all Defendants for violating Article I Section 18 of the Nevada Constitution, and the state tort claims of battery, trespass, and negligence against all Defendants. They seek compensatory damages, punitive damages, and attorney's fees.

On August 16, Defendants Carmody, Clark County, and Lopez filed the instant motion to dismiss. ECF No. 24. Three days later, Defendants City of North Las Vegas, Morrison, and Mangual joined the motion to dismiss. ECF No. 26. The motion was briefed by September 20. ECF Nos. 28, 32. On September 24, Plaintiffs filed a notice of voluntary dismissal of Defendant Lee. ECF No. 33. On December 20, 2024, the parties filed a motion to stay discovery. ECF No. 39. That same day, Magistrate Judge Youchah granted the stipulation, staying discovery pending

resolution of the instant motion to dismiss. ECF No. 40. The Court's Order follows.

## II. FACTUAL ALLEGATIONS

The following allegations are taken from the Complaint.

Plaintiffs are a married couple and from February 2022 to March 15, 2023, resided at 4201 E. Craig Rd., North Las Vegas, NV 89030. An eviction order was entered and filed on January 31, 2023, and stated "an order for Summary Eviction shall expire 30 days after the order is issued." Plaintiffs sought to stay the eviction pursuant to Nevada Assembly Bill 486 because Plaintiffs had applied for rental assistance and were awaiting a decision. Defendants Carmody and Lopez, employees of the North Las Vegas Constable's office, went to the Plaintiffs' apartment on March 15, 2023, to perform an eviction. The North Las Vegas Constable's Office called the North Las Vegas Police Department and Defendant officers Morrison, Mangual, and Lee responded. Defendants knocked on the door. When Plaintiffs refused to open their door, Defendants knocked the door down. They restrained Plaintiff Crosby on the ground. Both Plaintiffs were then escorted off the apartment complex. Afterward, unknown persons entered the vacated apartment and stole various personal property. Later, Plaintiffs' application for rental assistance was approved and their rent was paid.

## III. LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action. . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face,"

1  meaning that the court can reasonably infer "that the defendant is liable for the misconduct
2  alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on
3  the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive
4  dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences
5  from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S.
6  Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

### IV.     DISCUSSION

#### A.  Judicial Notice of State Court Documents

As a preliminary issue, a court "may consider materials incorporated into the complaint or matters of public record." Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). A court may consider "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" Northstar Fin. Advisors Inc. v. Schwab Invs., 779 F.3d 1036, 1043 (9th Cir. 2015) (quoting Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005)); see also Ecological Rts. Found. v. Pac. Gas & Elec. Co., 713 F.3d 502, 511 (9th Cir. 2013). Additionally, a court may take judicial notice of "matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (quoting Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986)); see also Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.").

Therefore, the Court may consider certain documents, such as the Clark County Justice Court's Eviction Order, whose contents are alleged in the complaint and whose authenticity is not questioned. Further, the Court may take judicial notice of the Justice Court's docket, which is a matter of public record. Finally, the Court may take judicial notice of Plaintiff's March 13 appeal, and the subsequent denial in Justice Court, as well as Plaintiff's writ of mandamus, and the subsequent denial in the Eighth Judicial District Court. See Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (granting Plaintiff's motion for judicial notice of pleadings filed in a related state court action).

#### B.  Plaintiffs' Argument that Assembly Bill 486 Stayed the Eviction Order

In the Complaint, Plaintiffs allege that Nevada Assembly Bill 486 barred the eviction because Plaintiffs had a pending application for rental financial assistance. The Court declines to consider this argument pursuant to the Rooker-Feldman doctrine. See Rooker v. Fid. Tr. Co., 263 U.S. 413, 415–16 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 482–486 (1983). Under the Rooker–Feldman doctrine, "review of state court decisions may only be conducted in the United States Supreme Court. Lower federal courts may not review such decisions." Partington v. Gedan, 961 F.2d 852, 864 (9th Cir. 1992), as amended (July 2, 1992). The Rooker–Feldman doctrine is a jurisdictional bar. Olson Farms, Inc. v. Barbosa, 134 F.3d 933, 937 (9th Cir. 1998). Therefore, federal district courts may not exercise subject-matter jurisdiction over cases challenging "state-court judgments rendered before the district[-]court proceedings commenced[.]" Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see also Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003) (holding that "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court").

A complaint challenges a state court decision if the constitutional claims are "inextricably intertwined" with the state court's decision in a judicial proceeding. District of Columbia Court of Appeals, 460 U.S. at 483 n.16. The Ninth Circuit has invoked the Rooker-Feldman doctrine to bar federal review of claims where the relief sought "would require the district court to determine that the state court's decision was wrong and thus void." Henrichs v. Valley View Dev., 474 F.3d 609, 616 (9th Cir. 2007). District courts have repeatedly held that section 1983 suits against state officials enforcing a writ of possession, or eviction order, issued by a state court are barred by the Rooker–Feldman doctrine. See e.g., Dang v. Oakland Police Dept., No. C 13–4155 PJH, 2014 U.S. Dist. LEXIS 25461, at *6–8 (N.D. Cal. Feb. 26, 2014) (dismissing claims against Alameda County Sheriff's Office for enforcing state-court-issued writ of possession pursuant to Rooker–Feldman); Sorensen v. Clarke, No. EDCV 08–1142–CAS (JWJx), 2009 U.S. Dist. LEXIS 5551, at *4–5 (C.D. Cal. Jan. 12, 2009) (finding that claims against Sheriff Leroy D. Baca and Los Angeles County for carrying out eviction pursuant to writ of possession were "barred by the Rooker–Feldman doctrine because they are essentially a collateral attack on the Los Angeles

County Superior Court's issuance of a writ of possession"); Homola v. McNamara, 59 F.3d 647, 651 (7th Cir. 1995) (holding that suits against deputies who execute a state court order are barred by Rooker–Feldman).

The gravamen of Plaintiffs' Complaint concerns the validity and enforceability of the state court judgment in the eviction action. Their claims against the Defendants rest on their allegations that the Defendants entered Plaintiffs' property without any valid, unexpired writ, warrant, or order. Since the eviction order was not enforceable, either because it had expired or it should have been stayed pursuant to Nevada Assembly Bill 486, Defendants had no lawful authority to perform the eviction. Therefore, Plaintiffs' claims are "inextricably intertwined" with the state court's decision in the eviction action. Under the Rooker–Feldman doctrine, this Court is precluded from reviewing that judgment. To find that AB 486 barred the enforcement of the eviction order, such that Defendants entered Plaintiffs' property without a valid order, would be to find that the state court made an error. See Henrichs, 474 F.3d at 616 (barring review where the alleged legal injuries arose from the "state court's purportedly erroneous judgment").

Additionally, as addressed above, the Court has taken judicial notice of Plaintiff's appeal, filed with the Justice Court on March 13, 2024, and denied on March 14, 2024, as well as Plaintiffs' writ of mandamus contesting the eviction, filed in the Eighth Judicial District Court on July 5, 2023, and denied on April 25, 2024. This case, filed two weeks later, raises many of the same issues with the eviction order as those cases. Therefore, much of the instant action boils down to "a de facto appeal from a state court judgment," as it seeks federal court consideration of issues already addressed in the eviction case, the appeal, and the Plaintiffs' writ of mandamus to the Clark County District Court. See Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004) ("If a plaintiff brings a de facto appeal from a state court judgment, Rooker–Feldman requires that the district court dismiss the suit for lack of subject matter jurisdiction.").

### C. Plaintiffs' Argument that the Eviction Order Expired

Plaintiffs argue that the Rooker-Feldman doctrine does not bar their claim that the eviction order had expired. In their opposition to the motion to dismiss, they argue that, even if the Justice Court's order was valid, it expired at the time the eviction occurred, and the Defendants lacked

legal authority to perform the eviction. In the Complaint, Plaintiffs allege that the eviction order, filed on January 31, 2023, stated that "an order for Summary Eviction shall expire 30 days after the order is issued." The eviction was not performed until March 15, 2023. Therefore, it had expired, and the eviction was no longer lawful.

The Court finds that this argument is similarly barred by the Rooker-Feldman doctrine. The Court has taken judicial notice of both the eviction order and the Justice Court's docket sheet. The Eviction Order states, "*[u]nless otherwise ordered by the Court,* an order for Summary Eviction shall expire 30 days after the order is issued." The docket reflects that, on February 15, 2023, the Justice Court issued an order granting Plaintiffs' motion to stay. The docket further reflects that on March 9, 2023, the Justice Court sent the Eviction Order to the Constable. The eviction occurred on March 15.

Defendants argue that the eviction order was stayed pursuant to the Justice Court's February 15, 2023, order. They cite to Rule 39 of the Local Rules of Practice for the Justice Court of North Las Vegas Township, which provides that, "[u]pon the filing of a motion to stay. . . any pending eviction order shall be stayed until further order of the court." Therefore, while 45 days passed between the issuance of the Eviction Order, and the eviction, for 22 of those days, the case was stayed pursuant to the court's order. Therefore, the eviction order had not expired, and the Defendants were acting pursuant to the court's timely eviction order, as filed on January 31, 2023, as well as the court's March 9, 2023, subsequent instruction to proceed with the eviction. In response, Plaintiffs argue that Section 70.010 of the Nevada Revised Statutes provides that the Justice Court cannot stay the execution of an eviction longer than ten days. Therefore, the Justice Court could not stay the eviction order for the 22 days, and the Defendants were acting pursuant to an eviction order that had expired.

Once again, the claims that Plaintiffs raise are inextricably intertwined with the state court eviction order, the stay the court issued, the court's following instruction to the constable to proceed with the eviction, and the appropriateness of the court's actions in light of certain state statutes. If this Court were to find that the Justice Court should not have stayed the eviction order longer than ten days, it would again be finding that the state court made an error. Regardless of the

1  argument, Plaintiffs' success on their claims rests on a finding that the state court made an error,
2  either in instructing the constable to proceed on an expired eviction order, or in failing to stay the
3  eviction proceedings due to AB 486. Neither of these issues are appropriately decided by this
4  Court.

### D.  Defendants' Immunity Arguments

Finally, since this case can be resolved on Rooker–Feldman grounds, the Court does not reach Defendants' arguments that they are entitled to quasi-judicial immunity, qualified immunity, and discretionary immunity.

### V.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss, (ECF No. 24), is **GRANTED**. The Complaint is dismissed with prejudice and the case is closed.

**DATED:** March 30, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**